**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.:8:15-cv-2953 |
| | ) | |
| JERICHO BAPTIST CHURCH | ) | |
| MINISTRIES, INC. (DC) et al | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT JERICHO BAPTIST CHURCH MINISTRIES, INC.'s (DC)**
**MOTION FOR SUMMARY JUDGMENT**

Comes Now Defendant, Jericho Baptist Church Ministries, Inc. (D.C.) (hereafter "Jericho DC") and respectfully moves this Honorable Court for a Summary Judgment pursuant to Fed R. Civ. P 56. There are no genuine issues of material fact in dispute regarding the immediate control and ownership of the assets in accounts deposited with the Bank of America, which are the subject of this Interpleader action.

WHEREFORE, Defendant, Jericho DC, respectfully requests this Honorable Court to grant summary judgment in favor of Defendant, and for such other relief as this Court deems appropriate. Reasons in support of this motion are stated more fully below.

Respectfully submitted,


Donald M. Temple
Donald M. Temple, Esq.
1101 15th Street, N.W., Suite 203
Washington, DC 20005
dtemplelaw@gmail.com

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.:8:15-cv-2953 |
| | ) | |
| JERICHO BAPTIST CHURCH | ) | |
| MINISTRIES, INC. (DC) et al | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT JERICHO BAPTIST CHURCH MINISTRIES, INC.'s (DC)
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Comes Now Defendant, Jericho Baptist Church Ministries, Inc. D.C. (hereafter "Jericho DC"), and respectfully moves this Honorable Court to grant it summary judgment pursuant to Fed R. Civ. P 56. We submit that there are no genuine issues of material fact in dispute regarding which legal entity controls and owns the accounts deposited with Plaintiff, Bank of America. Reasons in support of this motion are more fully stated below.

## I.   INTRODUCTION

On September 29, 2015  Plaintiff Bank of America, N.A. (hereafter "BOA"), filed a complaint and Interpleader against Defendants Jericho Baptist Church Ministries, Inc., D.C., Jericho Baptist Church Ministries, Inc., Maryland, and their respective Trustee Board Members.  BOA's complaint asserts among other facts: that "it has in its possession firm deposit accounts established in 1999 and 2002, with assets of $7,755,199.00."  Complaint at  paragraph 1; that "control over the operation and assets of Jericho Baptist Church Ministries, Inc., including the deposit accounts at issue here, has

been the subject of a long standing dispute between the defendants, spawning multiple contested matters in the courts of both the State of Maryland, and the District of Columbia." *Id.* at paragraph 2; and that "Bank of America has initiated this action because defendants have competing claims pertaining to the control of these deposit accounts and the distribution of the assets contained therein. Bank of America seeks relief from this Court to avoid the potential of multiple claims against these accounts and Bank of America." *Id*. at paragraph 3.

BOA's complaint at paragraphs 19-36 further alleges additional background. At paragraph 35, it states "that according to counsel for the Maryland Trustees, the recent Order of the Superior Court of the District of Columbia invalidating Resolution 1-09 and subsequent actions taken pursuant to that Resolution is at odds with the final judgments identified in the matters listed above." *Id.* at paragraph 35. To be clear, Superior Court Judge Stuart Nash's July 7, 2015 Judgment invalidated Defendant Jericho MD's March 2009 Resolution 1-09 and the subsequent actions that flowed therefrom.

In support of this motion, Jericho DC proffers to this court certain indisputable and irrefutable facts, which are bolstered by Judge Nash's findings. *See* Ex. 2. These facts include as follows: (1) Jericho DC is a 501(c)(3) tax exempt corporation which enjoys a distinct federal tax identification number from the Internal Revenue Service ("IRS"), referenced at Exhibit 1; (2) Jericho DC's deposit accounts in BOA were established under Jericho D.C.'s IRS tax identification number; (3) Joel Peebles Sr., was a signatory on the subject BOA accounts until his name was removed by Jericho, MD[1]; (4) that Jericho MD's alleged December 14, 2010 purported merger with Jericho DC was

---

[1] For purpose of this Motion, Jericho MD includes members of its Board of Trustees who are also individual Defendants in this case.

premised upon Jericho MD's false and misleading representations to the District of Columbia government; and (5) that Jericho MD did not exist as a separate legal corporate entity until December 15, 2010.

To date, Judge Stuart Nash's July and August 2015 rulings constitute the only final judicial decision regarding control of the church and the legality of the merger. Jericho MD unsuccessfully sought a stay from the D.C. Court of Appeals of Judge Nash's rulings. *See* Ex. 16. This court should take judicial notice of Judge Nash's rulings consistent with Federal Rule of Evidence, Section 201.

## II.    STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added). In *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), the Supreme Court explained that only "facts that might affect the outcome of the suit under the governing law" are material. *Id.* at 248. Moreover, a dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The court further explained that, in considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence supporting a claimed factual dispute exists to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. In that context, a court must consider the facts and all reasonable inferences in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

"Once the movant has established the absence of any genuine issue of material fact, the opposing party has an obligation to present some type of evidence to the court demonstrating the existence of an issue of fact." *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW*, 187 F.3d 415, 422 (4th Cir. 1999)). Thus, Rule 56 mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317 at 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265. If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson,* 477 U.S. at 249-50. Similarly, the existence of a mere "scintilla" of evidence in support of the nonmoving party's case is insufficient to preclude an order granting summary judgment. *Id*. at 252.

A genuine issue of material fact may exist if the evidence presented to the court is sufficient to indicate the existence of a factual dispute that could be resolved in favor of the non-moving party at trial. *Rachel-Smith v. FTData*, 247 F. Supp. 2d 734, 742 (D. Md. 2003) (citing *Anderson*, 477 U.S. at 248-49). Moreover, any inferences drawn from disputed evidence must be accorded to the non-moving party. See *Matsushita*, 475 U.S. at 587-88; *EEOC v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005); *Bharadwaja v. O'Malley,* 2006 U.S. Dist. LEXIS 74096, 2006 WL 2811257 (D. Md. Sept. 27, 2006).

### III.  **FACTUAL BACKGROUND**.

Jericho Baptist Church Ministries, Inc. ("Jericho DC") was incorporated in the District of Columbia in 1962 by Rev. James R. Peebles, Sr.; his wife, Betty P. Peebles; and Alice Harvey.  Since its inception, the Church has been operated and controlled by a Board of Trustees.  In, 1996, it filed a statement with the District of Columbia  ("DC") Department of Regulatory Affairs ("DCRA") electing to make itself subject to the newly-enacted D.C. Non-profit Corporation Act ("DCNCA"). As the time of that filing Jericho DC identified its Board of Trustees as:  Betty P. Peebles, James R. Peebles, Jr., William A. Meadows, Lucy T. Lane, Anne Wesley, and Dorothy L. Williams.

Prior to March 2009, Board members James R. Peebles, Jr., and Lucy T. Lane had died.  Betty P. Peebles, William A. Meadows, Anne Wesley, Dorothy L. Williams and Joel Peebles continued as members of the Board until at least March 2009.  On March 15, 2009, a document signed by Board members Betty P. Peebles, William A. Meadows, Anne Wesley, and Dorothy L. Williams entitled "Resolution 1-09 of Board of Trustees" (hereinafter "Resolution 1-09") purported to install a new slate of members of the Board of Trustees.  The purported new Board consisted of former trustees Betty P. Peebles and Dorothy Williams ("Williams"), as well as new trustees Gloria McClam-Magruder ("McClam-Magruder"), Denise Killen ("Killen"), Clarence Jackson ("Jackson"), Jennie L. Jackson, Bruce E. Lansdowne, Norma Y. Lewis, and LaShonda S. Terrell.  By implication, former Board members William A. Meadows and Anne Wesley were relieved of their duties as trustees. Joel R. Peebles received no notice of Resolution 1-09 prior to its passage and remained ignorant of the existence of Resolution 1-09 until 2010.

William A. Meadows testified that he signed Resolution 1-09 believing it to be a routine piece of business related to the administration of the church.  He testified that he had no understanding that by signing the document he had effectively resigned as a trustee and elected a new slate of members of the Board.  He remained ignorant of the existence of the new Board of Trustees until September 2010, and believed himself to be a member of the Board of Trustees throughout that period.

Between March 2009 and September 2010, Betty P. Peebles, who remained the universally-acknowledged leader of Jericho DC, experienced declining health.  She transitional on October 12, 2010.  On November 1, 2010, six individuals, including four of the new purported trustees identified in Resolution 1-09 – defendants McClam-Magruder,  Killen, Jackson, Dorothy Williams  drafted papers to incorporate a new entity in Maryland, under the same name as the District of Columbia entity, "Jericho Baptist Church Ministries, Inc." (hereinafter "Jericho MD").  On October 18, 2010, an entity purporting to be Jericho Baptist Church Ministries Inc. filed an action against William Meadows and Joel Peebles Sr., among others, in the Prince George's County Circuit Court.

### Articles and Plan of Merger

On December 14, 2010, Defendants filed the Articles of Merger and Plan of Merger, drafted November 10, 2010, in the D.C. Department of Consumer and Regulatory Affairs ("DCRA").  Defendants McClam-Magruder and Killen signed the particular documents which certified that Jericho D.C. was merging with Jericho MD.

Pursuant to the Plan of Merger, Jericho Maryland's newly composed Board resolved as follows:

RESOLVED: that all ministries, operations, charitable and all other activities, along with all assets, debts, liabilities, obligations and guarantees of Jericho Baptist Church Ministries, Inc., a District of Columbia domestic corporation, whether current or future, are hereby transferred to and merged with Jericho Baptist Church, Inc., a State of Maryland domestic corporation.

BE IT FURTHER RESOLVED that the Jericho Baptist Church Ministries, Inc., a State of Maryland domestic corporation, *shall continue as the successor non stock religious corporation.*

BE IT FURTHER RESOLVED, that the proper officers of the Church and the Maryland Church be and are hereby authorized and directed in the name and on behalf of the Church and the Maryland Church, respectively, to execute, acknowledge, seal and file such Articles of Merger with the District of Columbia Department of Consumer and Regulatory Affairs and Maryland State of Assessments and Taxation and to take any and l other actions and to execute, acknowledge, seal and file any and all instruments and documents deemed necessary or proper in connection therewith.

These documents were executed individuals who held themselves out to be the Secretary and Vice-President of "Jericho Baptist Church Ministries, Inc., a District of Columbia non-stock religious corporation" and Secretary and Vice-President of Jericho Baptist Church Ministries, Inc., a Maryland non stock religious corporation. Instructively, at no time was Jericho D.C. classified as a "religious corporation."

*See* Ex. 5B.

On December 14, 2010, DCRA approved the merger. *See* Ex. 6. On December 15, 2010, the day after DCRA approved the merger, Defendants filed Articles of Incorporation with the Secretary of the State of Maryland to create Jericho Baptist Church Ministries, Inc., a Maryland non-stock religious corporation. *See* Ex. 8. Ostensibly, Jericho MD could not exist on December 14, 2010 when Defendants filed the above referenced Articles and Plan of Merger if it was not legally incorporated. *See* Ex. 5A and 5B.

Jericho MD's Articles of Merger falsely stated that Jericho Baptist (DC) was merging with Jericho Baptist, "a Maryland Domestic Corporation" and that the merger plan was approved by Jericho Baptist (MD) "in the manner prescribed by the laws of the State of Maryland under which it is organized." The Articles further listed the name of the "surviving corporation" as Jericho Baptist, Md." *Id.* Moreover, its signatories stated their agreement and understanding that anyone making a false statement on said document could be subjected to criminal penalties under DCOC Section 22-2405. *Id.*

### Jericho MD's December 16, 2010 Acquisition of Jericho DC's IRS Tax Number

Consistent with Jericho MD's intent to acquire control over Jericho DC's financial affairs through the attempted merger, on December 16, 2010, its then counsel contacted the IRS. In his correspondence, he represented that Jericho DC had merged with Jericho MD to update Jericho's DC's file.

> "Although the Church initially incorporated as a District of Columbia religious corporation, over the years its operations evolved from the District of Columbia primarily to Prince George's County, Maryland. Since its operation is primarily conducted in Maryland, the Church, as a District of Columbia religious corporation, *merged into the "Jericho Baptist Church Ministries, Inc., a Maryland domestic religious corporation*."

*See* Ex. 9, December 16, 2010 letter to the IRS at ¶ 3. (Emphasis added).

In so doing, Defendant Jericho MD was able to acquire full control over Jericho DC's tax identification number and subsequently the immediate BOA bank accounts.

### Jericho MD's Representation to Prince George's County Circuit Court

Defendants' intentions were further revealed in December 29, 2010 Opposition to Joel Peebles' Motion to Dismiss ("Opposition") the Jericho MD's Prince George's

County Circuit Court complaint. Defendant therein strategically and deliberately used the merger as a shield by arguing that Jericho DC no longer existed. *Citing Tackney v. United States Naval Academy Alumni Association, Inc*., 971 A2d 309 (2009), it proffered "the internal affairs doctrine" on grounds that Jericho MD had merged with Jericho DC:

> Defendants' Motion to Dismiss is now moot inasmuch as the Jericho Baptist Church Ministries, Inc. (the "Church") is now a Maryland domestic non-profit religious corporation (See Exhibit 1: District of Columbia Certificate of Merger and Exhibit 2: Maryland Department of Assessments and Taxation Confirmations of Incorporation and Merger). The District of Columbia non-profit religious corporation has been merged into a successor Maryland non-profit domestic religious corporation that continues as Jericho Baptist Church Ministries, Inc. (*Id*.) The Church, as a District of Columbia corporation, no longer exists. Plaintiff has amended its Complaint accordingly for which a red-lined copy *sans* exhibits is attached as Exhibit 3.

On or about April 29, 2011, Bank of America permitted Defendant Killen to add herself and Defendants Jackson and Williams as signatories on all Jericho accounts. On October 14, 2011, Ms. Killen withdrew $1,700,000.00 from Jericho D.C.'s Bank of America Account and used these funds to open a new Citibank Account.

In April, 2012 Defendants terminated the services of Joel Peebles as pastor and continued to exercise control and dominion over Plaintiff's property and affairs.

### The D.C. Superior Court Case

On October 15, 2013 several individual Jericho DC church members instituted a civil action in the Superior Court of the District of Columbia, styled as *Robert George, et al, v. Clarence Jackson Et al,* 2013 CA 007115B. Among other claims, they alleged that Jericho, Maryland had no authority to terminate their church membership, based upon the controversial March 2009, Resolution 1-09.

On July 7, 2015 Judge Nash issued a final ruling and Judgment in that case which reads is pertinent part as follows:

> The Court hereby DECLARES that the current Board of Trustees for Jericho DC shall consist of the surviving members of the Board of Trustees that existed prior to the invalidated Resolution 1-09, those members being: William A. Meadows; Dorothy L. Williams, and Joel R. Peebles; and
>
> the Court hereby DECLARES that actions taken by defendant after March 15, 2009, acting as the purported Board of Trustees of Jericho DC, under the color of resolution 1-09, including the purported approval of the merger of Jericho DC into Jericho MD, are invalid; and
>
> the Court hereby ORDERS that defendant refrain from exercising ownership or control over any corporate assets of Jericho Maryland formerly belonging to, or derived from, the corporate assets of Jericho DC.

*See* Ex. 2.

Based in part upon Judge Nash's ruling and a review of the record, the DCRA restored Jericho DC's good standing, effectively nullifying the merger. . *See* Ex. 13. On August 14, 2015, the Maryland Department of Assessments and Taxation struck the merger and also reinstated Jericho DC's as a foreign corporation in good standing. *See* Ex. 14.

IV.    **ARGUMENT**

   **A.  Jericho MD's Merger and Actions Flowing Therefrom Are Illegal.**

As the court is well aware there have been a number of state and federal lawsuits involving the control of Jericho Baptist Church. These cases include: *Jericho Baptist Church Ministries Inc.* v. *Joel R. Peebles et al.,* CAL 10-33647, filed in the Circuit Court for Prince George's County, Maryland, October 18, 2010; *Roderick Chavez et al.* v. *Jericho Baptist Church Ministries, Inc.,* CAL 12- 13537,

filed in the Circuit Court for Prince George's County, Maryland, April 18,2012; Robert George *et al.,* v. *Clarence Jackson et al., CA 007115 B filed October 13, 2013,* *Renee Franklin* v. *Clarence Jackson et al.,* Case No. 8:14-cv-00497, filed in the U.S. District Court for the District of Maryland, February 20, 2014, and most recently *Jericho Baptist Church Ministries Inc. (DC)  v. Jericho Baptist Church Ministries, Inc.* (MD), *et al.*  Notably, the *Chavez* and *Jackson* cases involved church membership issues, necessarily resolved by ascertaining Church board and governance issues.

Based upon lower court rulings, the *Jericho Baptist Church Ministries Inc.* and *Chavez* cases were appealed to the Maryland Special Court of Appeals.   For ease of reference as to the litigation history related to Jericho Baptist Church, Defendant Jericho DC hereby incorporates Appellee's detailed Supplemental Memorandum filed in the D.C. Court of Appeals.   *See* Ex. 17.   Instructively, the Maryland Court of Special Appeals in *Chavez* expressly refused to consider whether the Jericho MD's *merger* was lawful under D.C. law, stating:

> We, however, refrain from commenting on whether the merger in the instant case complied with all requirements imposed by the laws of the District of Columbia. Furthermore, a copy of the bylaws for Jericho DC has not been presented for our review. We therefore, refrain from commenting on whether the merger in the instant case complied with the internal governance requirements of Jericho DC.

> Additionally, Judge Nash, noted in his judgment:

> This Court's decision is not in conflict with any decision of the Maryland courts related to this matter. In each instance, the Maryland Court of Special Appeals specifically left open the issues, addressed herein, as to the propriety of Resolution 1 -09 under the DCNA, and the make-up of the Jericho DC Board of Trustees.

*See* Ex. 2.

Judge Nash's ruling is in fact the only prior final judicial pronouncement on the merger issue. Notwithstanding multi-tiered litigation and a variety of factual and legal claims, the facts before this court for the limited purpose of adjudicating proper control and ownership of the subject funds, are increasingly clear.

**Violation Maryland Corporation and Associations Code Ann. § 1-404**

In support of its motion for summary judgment, Jericho DC asserts that Defendant Jericho MD and its Trustees illegally and fraudulently held itself out as a Maryland Corporation on December 14, 2010 in its filings of Articles and Plan of Merger with the DCRA in direct violation of Maryland Corporation and Associations Code Ann. § 1-404, improper use of corporate indication. § 1-404 (a) states that "Any person who owns, operates, or directs an unincorporated organization, firm, association, or other entity which includes in its name the word "corporation", "incorporated", or, except as provided in subsection (b) of this section, "limited" or an abbreviation of any of these words or which holds itself out to the public as a corporation is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $500. § 1-404 (b), lists the exceptions to subsection (a): a limited partnership, a limited liability company, and a limited liability partnership, or "L.L.P." To the extent that Jericho MD at all times referenced herein was not a "limited partnership", L.L.C., nor L.L.P., these exceptions do not apply here.

Based upon the record herein, Defendants Jericho MD cannot refute that it was not incorporated on December 14, 2010 when it filed merger documents with DCRA. Nevertheless, it not only held itself out repeatedly as a Maryland incorporation in its

filings, it also misrepresented its status in order to achieve an objective that would facilitate its intended acquisition of Jericho's complete identity including its governance, its tax identification number, and its finances. Based upon this record, Defendant Jericho MD violated Maryland Corporation and Associations Code Ann. § 1-404, improper use of corporate indication. § 1-404 (a). Even if it doesn't, it is indisputable: Jericho MD was not incorporated in the State of Maryland until December 15, 2010. Hence, as Judge Nash ruled as a matter of law, any purported act that flowed from this illegal merger is akin to a fruit from a poisonous tree uncured by Defendant Jericho MD's repeated assertion of its purported December 14, 2010 merger. This is particularly the case per Jericho DC's tax identification number, which Jericho MD used to acquire control over this particular Bank of America account. As Joel Peebles affirms, the same tax identification number that was on the Bank of America Account is the same exact identification number that Jericho MD used between October 2010 and July 2015. *See* Ex. 15 at paragraph 27.

### Jericho MD's Undisputed Misrepresentations

The record on this issue is unambiguous. Defendant misrepresented its status to achieve the illegal merger, and then relied upon the attained merger to systematically acquire control over Jericho DC comprehensive identity. Tellingly, its communication with the IRS expressly referenced its purported merger in the context of an "update" of Jericho's tax status. Its correspondence indisputably references the purported merger, induced the IRS to rely upon its representations, and facilitated its acquisition and control of Jericho's tax identification number. Jericho MD's illegal acquisition of Jericho DC's tax identification facilitated its take over of the immediate BOA account. To that end,

the funds in the BOA accounts at account are indisputably being held under Jericho DC's tax identification number and can be traced directly to funds derived from Jericho DC deposits prior to December 2010. Support for the connection between the use of BOA funds and Jericho DC's tax identification number can be found in Jericho DC's ongoing 2015 communications with the IRS regarding Jericho MD's expenditure of funds up to that date. Further, neither Plaintiff BOA nor Jericho MD can refute this fact. Most critically, Jericho DC at this point is fully responsible for any potential tax liability accrued during the period in which Jericho MD controlled the entity. As Joel Peebles affirmed and corroborates by supporting documentation, the IRS is communicating directly with Jericho DC and holding it responsible for all expenditures, even as Jericho DC attempts to explain the events of the last five (5) years.

Finally, it is undisputed that Jericho MD even used the merger as a sword and a shield in the Prince George's litigation, and thus in the Special Court of Appeals. Indeed, the Prince George's County Circuit Court operated on the premise that the merger was legally valid.

### The Undisputed Illegal Merger

The case at hand is factually and legally unambiguous. The record unmistakably shows that Jericho MD was a legal nullity on December 10, 2014. It acted otherwise, held itself out as a corporation, and thereafter caused a series of actions based upon its illegal actions, which could be deemed a criminal misdemeanor under Maryland law. For these same obvious reasons, Judge Nash equally concluded that Jericho MD's December 14 and 15, 2010 merger was illegal. While Judge Nash's decision should inform this court, Defendant Jericho DC urges this court, based upon the adduced record to independently

determine as a matter of law that Defendant Jericho DC is the rightful owner of the funds at issue in the immediate Interpleader. This is particularly given Defendant Jericho MD's inability to disprove and/or dispute Jericho DC's Statement of Genuine Material Facts Not in Dispute.

The record on this issue is unambiguous. Defendant misrepresented its status to achieve the illegal merger, and then relied upon the attained merger to systematically acquire control over Jericho DC comprehensive identity. Tellingly, its communication with the IRS expressly referenced its purported merger in the context of an "update" of Jericho's tax status. Its correspondence indisputably references the purported merger, induced the IRS to rely upon its representations, and facilitated its acquisition and control of Jericho's tax identification number. Jericho MD's illegal acquisition of Jericho DC's tax identification facilitated its takeover of the immediate BOA account. To that end, the funds in the BOA accounts at account are indisputably being held under Jericho DC's tax identification number and can be traced directly to funds derived from Jericho DC deposits prior to December 2010. Support for the connection between the use of BOA funds and Jericho DC's tax identification number can be found in Jericho DC's ongoing 2015 communications with the IRS regarding Jericho MD's expenditure of funds up to that date. Further, neither Plaintiff BOA nor Jericho MD can refute this fact. Most critically, Jericho DC at this point is fully responsible for any potential tax liability accrued during the period in which Jericho MD controlled the entity. As Joel Peebles affirmed and corroborates by supporting documentation, the IRS is communicating directly with Jericho DC and holding it responsible for all expenditures, even as Jericho DC attempts to explain the events of the last five (5) years.

Finally, it is undisputed that Jericho MD used the merger as a sword and a shield in the Prince George's litigation, and thus in the Special Court of Appeals. Indeed, the Prince George's County Circuit Court operated on the premise that the merger was legally valid.

Jericho MD's illegal behavior is apparent from the very beginning. The record unmistakably shows that Jericho MD was a legal nullity on December 10, 2014. It acted otherwise, held itself out as a corporation, and thereafter caused a series of actions based upon its illegal actions, which could be deemed a criminal misdemeanor under Maryland law. For these same obvious reasons, Judge Nash equally concluded that Jericho MD's December 14 and 15, 2010 merger was illegal. While Judge Nash's decision should inform this court, Defendant Jericho DC urges this court, based upon the adduced record to independently determine as a matter of law that Defendant Jericho DC is the rightful owner of the funds at issue in the immediate Interpleader. This is particularly given Defendant Jericho MD's inability to disprove and/or dispute Jericho DC's Statement of Genuine Material Facts Not in Dispute at paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 166, 17, 18, 19, 20 and 21.

Further, Defendant Jericho MD's illegal actions have and continue to cause Jericho DC great harm.

## V.    CONCLUSION

WHEREFORE, given the absence of any disputed genuine issues of material facts, Defendant, Jericho DC, respectfully urges this Honorable Court to grant summary judgment in its favor, and for such other relief as this Court deems appropriate.

**Dated:** May 12, 2016

Respectfully submitted,

_____/s/_____
Donald M. Temple, Esq.
1101 15th Street, N.W., Suite 203
Washington, D.C. 20005
(202) 628-1101 Telephone
(202) 628-1149 Facsimile
dtemplelaw@gmail.com
*Attorney for Defendant Jericho DC*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MARYLAND
## GREENBELT DIVISION

| | | |
|---|---|---|
| **JERICHO BAPTIST CHURCH** | ) | |
| **MINISTRIES, INC. (D.C.)** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 1:16-cv-00647-APM** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JERICHO BAPTIST CHURCH** | ) | |
| **MINISTRIES, INC.** | ) | |
| **(MARYLAND), et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1. Jericho DC was incorporated on November 9, 1962 under what was then Chapter 5 of Title 29 of the D.C. Code (1951 Ed.), the D.C. Non-Profit Corporation Act (enacted in 1962). In 1996, it elected to be governed by the District of Columbia Nonprofit Corporation Act ("DCNPCA") and obtained its 501(c)(3) tax exempt status from the IRS. *See* Ex. 1.

2. Since its inception, Jericho DC has been operated and controlled by a board of directors, internally referenced as its "Board of Trustees" ("Board"). That Board exclusively governs the Jericho DC enterprise. In 1997, the Board consisted of Senior Pastor Betty Peebles, Pastor Joel Peebles, William Meadows, Lucy Lane, Anne Wesley, and Dorothy Williams. According to corporate records, with the exception of Lucy Lane ("deceased"), this Board operated consistently from

January 1997 until October 2010. Extensive corporate records consistently confirm that Joel Peebles served as a Board member, without interruption through 2010. *See* Ex. 2.

3. On or around that same March 15, 2009 date, Defendants convened an informal gathering and sought to secure resignations from several then existing Board members. *See id.*

4. No notice of any Board meeting was given to Peebles, Meadows or Wesley. *See id.*

5. On March 15, 2009, Defendants prepared a document titled "Resolution 1-09" which facilitate Defendants' takeover of Jericho. *See* Ex. 3. By way of Resolution 1-09 Defendants elected themselves as Jericho DC's new Board of Trustees.

6. On October 18, 2010 Jericho, MD filed an action in Prince George's County Circuit Court for declaratory and injunctive relief and served Joel Peebles. *See* Ex. 4.

**Articles and Plan of Merger**

7. On December 14, 2010, Defendants filed Articles of Merger and Plan of Merger (drafted November 10, 2010) in the D.C. Department of Consumer and Regulatory Affairs ("DCRA"). *See* Ex. 5A and B.

8. Defendants McClam-Magruder and Killen signed these merger documents which certified Jericho DC's merger with Jericho MD. Pursuant to the filed Plan of Merger, Jericho MD's purported Board stated that it resolved as follows:

RESOLVED: that all ministries, operations, charitable and all other activities, along with all assets, debts, liabilities, obligations and guarantees of Jericho Baptist Church Ministries, Inc., a District of Columbia domestic corporation, whether current or future,

*are hereby transferred to and merged with Jericho Baptist Church, Inc., a State of Maryland domestic corporation.*

> BE IT FURTHER RESOLVED *that the Jericho Baptist Church Ministries, Inc., a State of Maryland domestic corporation, shall continue as the successor non stock religious corporation.*
>
> BE IT FURTHER RESOLVED, *that the proper officers of the Church and the Maryland Church be and are hereby authorized and directed in the name and on behalf of the Church and the Maryland Church, respectively, to execute, acknowledge, seal and file such Articles of Merger with the District of Columbia Department of Consumer and Regulatory Affairs and Maryland State of Assessments and Taxation and to take any and all other actions and to execute, acknowledge, seal and file any and all instruments and documents deemed necessary or proper in connection therewith. Id.*

9. The two (2) individual Defendants who executed these merger documents, Killen and McClam-Magruder, held themselves out to be simultaneously the Secretary and Vice-President of "Jericho Baptist Church Ministries, Inc., a District of Columbia non-stock religious corporation" and the Secretary and Vice-President of Jericho Baptist Church Ministries, Inc., a Maryland non stock religious corporation. At no time was Jericho DC classified as a "religious corporation." *See id.*

10. On December 14, 2010, DCRA approved the merger. *See* Ex. 6.

11. On December 15, 2010, the day after DCRA approved the merger, Defendants filed Articles of Incorporation with the Secretary of the State of Maryland to create Jericho Baptist Church Ministries, Inc., a Maryland non stock religious corporation (Jericho, MD). *See* Ex. 7 and 8.

12. Jericho MD did not exist on December 14, 2010 when Defendants filed the above referenced Articles and Plan of Merger and stated that is was "a Maryland Domestic Corporation." *See* Ex. 8.

13. Jericho MD had no officers or board trustees, prior to December 15, 2010. *See id.*

14. The December 14 merger filings listed the name of the then non-existing "surviving corporation" as Jericho Baptist, MD that the merger plan was approved by Jericho MD "in the manner prescribed by the laws of the State of Maryland under which it is organized" prior to Jericho MD's existence. *See Ex. 5A.*

15. The signature to the Articles of Merger stated their agreement and understanding that anyone making a false statement on said documents could be subjected to criminal penalties under DCOC Section 22-2405. *See id.*

### Jericho Maryland's Communication with IRS

16. On December 16, 2010, the day following Jericho MD's incorporation, Defendants' Jericho MD's counsel contacted the Internal Revenue Service ("IRS") and acquired control on their behalf of Plaintiff's tax identification number, commonly called an Employer Identification Number (hereafter "EIN"). *See Ex. 9.*

17. In a letter to the IRS, Counsel requested to update Jericho's file, stating as follows: "Although the Church initially incorporated as a District of Columbia religious corporation, over the years its operations evolved from the District of Columbia primarily to Prince George's County, Maryland. Since its operation is primarily conducted in Maryland, the Church, as a District of Columbia religious corporation, merged into the "Jericho Baptist Church Ministries, Inc., a Maryland domestic religious corporation." *Id.*

18. On December 29, 2010 Defendants filed an Opposition to a Motion to Dismiss ("Opposition") their Prince George's County Circuit Court complaint for equitable and declaratory relief.  *See* Ex. 10, Opposition to Defendants' Motion to Dismiss Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief and for Declaratory Judgment, *Board of Trustees of the Jericho Baptist Church Ministries, Inc. v.  Joel R. Peebles, Sr., et al.*

19. Defendants argued that the Circuit court lacked subject matter jurisdiction since Jericho DC had merged with Jericho MD.  Defendants argued that Jericho DC operated as a foreign corporation in the State of Maryland and that the "internal affairs doctrine" applied, *citing Tackney v. United States Naval Academy Alumni Association, Inc.*, 971 A2d 309 (2009). Hence, Defendants successfully urged the state trial court as follows to deny Defendant Joel Peebles' motion as moot:

> Defendants' Motion to Dismiss is now moot inasmuch as the Jericho Baptist Church Ministries, Inc. (the "Church") is now a Maryland domestic non-profit religious corporation (See Exhibit 1: District of Columbia Certificate of Merger and Exhibit 2: Maryland Department of Assessments and Taxation Confirmations of Incorporation and Merger).  The District of Columbia non-profit religious corporation has been merged into a successor Maryland non-profit domestic religious corporation that continues as Jericho Baptist Church Ministries, Inc. (*Id.*) The Church, as a District of Columbia corporation, no longer exists. Plaintiff has amended its Complaint accordingly for which a red-lined copy *sans* exhibits is attached as Exhibit 3.

> ….

As a Maryland domestic non-profit religious corporation located and operating in Prince George's County, Maryland, this Honorable Court has jurisdiction over the Parties to adjudicate the claims set forth in Plaintiff's Complaint and grant the requested relief pursuant to *Courts & Judicial Proceedings Article* §§ 1-501 and 6-201. As a Maryland non-profit domestic corporation, the District of Columbia no longer has jurisdiction over or the Church or its affairs.

*See id.*[2]

20. On or about April 29, 2011, Bank of America permitted Defendant Killen to add herself, and Defendants Jackson and Williams as signatories on all Jericho accounts. *See* Ex. 11.

21. On October 14, 2011 Defendant Killen withdrew millions from Jericho D.C.'s several accounts at Bank of America and opened a new account at Citibank. *See* Ex. 12.

### D.C. Superior Court Action

22. On October 15, 2013, several individual Jericho DC church members instituted a civil action in the D.C. Superior Court, styled as *Robert George, et al, v Clarence Jackson Et al,* 2013 CA 007115B. *See* Ex. 2. Among other claims, they alleged that Jericho MD had no authority to terminate their membership in Jericho DC based upon the controverted March 2009, Resolution 1-09, which they argued violated the D.C. Non-Profit Corporation Act. *See* Ex. 2

---

[2]/ Neither of two Maryland Special Court of Appeals' decisions related to Jericho addressed the legality of the Merger.

23. In this connection, the DCNPCA mandates that before a valid meeting of the members is held, notice must be given to all members who are entitled to vote at the meeting:

> Written or printed notice stating the place, day, and hour of the meeting and, in case of a special meeting, the purpose or purposes for which the meeting is called, shall, in the absence of a provision in the bylaws specifying a different period of notice, be delivered… to each member entitled to vote at such meeting…
> D.C. Code § 29-301.15 (2009)

### Judge Stuart Nash's Ruling

24. On July 7, 2015, D.C. Superior Court Judge Stuart Nash ordered that the original Board of Jericho DC be reinstated with full legal authority to act in the name of the corporation. *See* Ex. 1. Judge Nash further stated that the purported merger of Jericho DC into Jericho MD was invalid and ordered Defendant Jericho MD to refrain from exercising any ownership or control over any corporate assets of Jericho MD for formerly belonging to, or derived from, the corporate assets of Jericho DC. *Id.*

25. As a consequence of Judge Nash's rulings, Jericho DC was able to re-establish its good standing and effectively reverse the merger. *See* Ex. 13.

26. Also, on August 14, 2015, the Maryland Department of Assessments and Taxation reinstated Jericho DC's Certificate of good standing. *See* Ex. 14.

27. Because Jericho MD actually used Jericho DC's tax identification number, Jericho DC continues to spend considerable time resolving tax related disputes with the IRS pertinent to Jericho MD's past expenditures. Jericho DC only partially controls its tax identification number and corresponding expenditures for

funds under its control; although responsible for all of its funds with the IRS, as a 501(c) (3) tax exempt non-profit organization, Jericho DC does not control funds that remain, in violation of Judge Nash's ruling, under Jericho DC's control. *See* Ex. 15.

Respectfully submitted,

_____/s/_____
Donald M. Temple, Esq.
1101 15th Street, N.W., Suite 203
Washington, D.C. 20005
(202) 628-1101 Telephone
(202) 628-1149 Facsimile
dtemplelaw@gmail.com
*Attorney for Defendant Jericho DC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| _____ | ) | |
| **BANK OF AMERICA, N.A.** | ) | |
| | ) | |
| **Plaintiff** | ) | **Case No. 8:15-CV-2953** |
| **v.** | ) | |
| | ) | |
| **JERICHO BAPTIST CHURCH** | ) | |
| **MINISTRIES, INC. (DC) et al** | : | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**ORDER**

This matter having come before the court upon the filing of the Defendant Jericho

DC's Motion for Summary Judgment, and the court having considered the record herein,

on this ___ day of _____, 2016 , it is hereby

ORDERED that the Defendant's Motion for Partial Summary Judgment is hereby

GRANTED.


_____
Judge


Copies: Counsel of record.