LAW OFFICES
# SHIPLEY & HORNE, P.A.

**Russell W. Shipley**
**Arthur J. Horne, Jr.***
**Dennis Whitley, III***
**Robert J. Antonetti, Jr.**

1101 Mercantile Lane, Suite 240
Largo, Maryland 20774
Telephone: (301) 925-1800
Facsimile: (301) 925-1803
www.shpa.com

**Bradley S. Farrar**
**L. Paul Jackson, II***
_____

\* Also admitted in the District of Columbia

August 10, 2016

The Honorable Paula Xinis
United State District Court
Southern District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

  Re: Bank of America, N.A. v. Jericho Baptist Church Ministries, Inc. et al.
     Case No.: 8:15-cv-02953

Dear Judge Xinis:

  Defendants, Jericho Baptist Church Ministries, Inc. Maryland (hereinafter "Jericho MD"), Denise Killen, Clifford Boswell, Gloria McClam-Magruder, Clarence Jackson, Lynda Pyles and Dorothy Williams (hereinafter "the Individual Defendants") by and through their attorneys, Dennis Whitley III and Shipley & Horne, P.A., pursuant to this Honorable Court's Order dated August 4, 2016, hereby submits this letter memorandum asserting that Judge Nash's Findings of Fact and Conclusions of Law in George v. Jackson, Docket No. 2013 CA 007115 B, in the Superior Court for the District of Columbia should not provide any preclusive effect in the instant matter and in support thereof states as followed.

  In the recently decided case of, Shader v. Hampton Improvement Ass'n, 443 Md. 148, 115 A.3d 185, 2015 Md. LEXIS 304, the Maryland Court of Appeals discussed the doctrine of collateral estoppel and its current application in the Free State. The Shader Court reviewed previous Court of Appeals decisions and explained that typically collateral estoppel may be asserted when "in a second suit *between the same parties*, even if the cause of action is different, any determination of fact that was actually litigated and was essential to a valid and final judgment is conclusive." *Id.* (internal citations omitted). Stated more succinctly, if the doctrine of collateral estoppel is applicable "factual issues resolved in the adjudication of one claim are binding for purposes of subsequent adjudication of another claim." *Id*. quoting John A. Lynch, Jr. & Richard W. Bourne, Modern Maryland Civil Procedure 12-42-43 (2d ed. 2004, 2014 Supp.)[1] The Court of Appeals also declared that a four-part

---

[1] . The purpose of the collateral estoppel doctrine, like, *res judicata*, is "to avoid the expense and vexation of multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Id.* (internal citations omitted).

August 10, 2016
Page 2

test is used, generally, to determine whether the doctrine of collateral estoppel applies. *Id.* Specifically, the aforementioned four-part test seeks to determine: (1) whether the issue decided in the prior litigation was identical with the issue presented in the current action; (2) whether there was a final judgment on the merits in the prior litigation; (3) whether the party against whom collateral estoppel is being asserted was party or in privity with a party to the prior litigation and (4) whether the party against whom collateral estoppel is being asserted was given a fair opportunity to be heard on the issue. *Id.*[2] Lastly, the Shader Court also makes clears that "[F]or the doctrine of collateral estoppel to apply, the probable fact-finding that undergirds the judgment used to estop must be scrutinized to determine if the issues raised in that proceeding were actually litigated, or facts necessary to resolve the pertinent issues were adjudicated in that action." *Id.* (internal citations omitted).

If this Court applies the basic principles of collateral estoppel as announced by the Court of Appeals in Shader v. Hampton Improvement Ass'n, 443 Md. 148, 115 A.3d 185, 2015 Md. LEXIS 304, to facts as alleged by Jericho DC, Judge Nash's Findings of Fact and Conclusions of Law should not be given any preclusive effect in the instant matter. First, the issues decided by Judge Nash in the George matter, are not identical to the issues proffered by Jericho DC in its motion for summary judgment. Jericho DC's primary argument in its motion for summary judgment was that the merger between Jericho MD and Jericho DC was illegal because "[T]he record unmistakably shows that Jericho MD was a legal nullity on December 10, 2014" (Jericho DC Motion for Summary Judgment p. 15) when the D.C. Department of Consumer and Regulatory Affairs approved the merger between Jericho DC and Jericho MD. Judge Nash did not make a single finding of fact concerning the legal status of Jericho MD on December 10, 2014. Moreover, Judge Nash also did not make a single finding of fact concerning the other arguments proffered by Jericho DC in its motion for summary judgment. In particular, Judge Nash did not find that Jericho MD violated Maryland Corp. & Ass'n. Code Ann. §§ 1-404 or that Jericho MD made any misrepresentations to the District of Columbia Department of Consumer and Regulatory Affairs.

Collateral estoppel also is not applicable because Judge Nash did not make any findings of facts or conclusions of law concerning whether Jericho DC is time barred from asserting any claims associated with the 2010 merger with Jericho MD (i.e. conversion of its EIN, negligent misrepresentation to DCRA and violation of Md. Code, Corps. & Ass'ns §§ 1-404(a).[3] Furthermore, summary judgment isn't appropriate to determine the statute of limitation issue because this Court will be required to consider testimony and make a factual determination concerning why Jericho DC never filed an independent cause of action for a conversion that allegedly occurred on December 16, 2010, when Jericho MD forwarded a letter to Internal Revenue Service regarding transfer of the EIN.

---

2 .The District of Columbia has a similar test to determine whether collateral estoppel applies. See Davis. v. Davis, 663 A.2d 499, 501 (D.C. 1995).

3 . Under both District of Columbia and Maryland law, a three-year statute of limitations applies to what amounts to a conversion claim. *See Parker v. Grand Hyatt Hotel*, 124 F. Supp.2d 79, 87 (D.D.C. 2000) (citing D.C. Code § 12-301, and holding that District of Columbia recognizes a three-year statute of limitations for conversion claims); Md. Code, Cts. & Jud. Proc. § 5-101 ("A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced.").

      Lastly, collateral estoppel is not applicable because one of the Individual Defendants whom the doctrine is being asserted against was not a party to the prior litigation. The record is clear that Individual Defendant Lynda Pyles was not a party to the prior litigation before Judge Nash. Attached hereto as exhibit 1, is a copy of Judge Nash's Finding of Facts and Conclusions of Law. After the Court reviews the findings of facts and conclusions of law it is obvious that the name Lynda Pyles does not appear anywhere in said decision and therefore collateral estoppel does not apply to Individual Defendant Pyles.[4] Additionally, summary judgment should be denied because there is a genuine issue of material fact concerning the assumed alleged privitiy Jericho DC is going to claim exist between Individual Defendant Pyles and the George Defendants. However, Jericho DC has not previously claimed or provided this Court with any evidence establishing that Individual Defendant Pyles was in privity with the defendants in the matter before Judge Nash and this Court must construe the facts that are presented in the light most favorable to the party opposing the motion. Scott v. Harris, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d. As such, "summary judgment is inappropriate if any material factual issue 'may reasonably be resolved in favor of either party.'" Sky Angel, U.S., LLC v. Discovery Communications, LLC, 2015 U.S. Dist. Lexis 36632 (D. Md. March 24, 2015) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)); JKC Holding Co. LLC v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001).

      For the above-referenced reasons, Defendants Jericho MD and the Individual Defendants, respectfully request that this Honorable Court concluded that collateral estoppel is inappropriate and stay the instant matter for a period of 180 days or pending a final resolution of the Jackson v. George, Case No. 15-CV-773, in the Court of Appeals of the District of Columbia.

                                                 Respectfully submitted,

                                                         /s/

                                               Dennis Whitley III, Esq.

---

[4]. Attached hereto as exhibit 2, is a copy of an Order of Court from Judge Nash dated April 23 2014, wherein he states that "It is true that this Court is not bound by the decision of a sister state's courts, **nor do principles of res judicata or collateral estoppel apply, as the plaintiffs in the instant case were not parties to the Maryland litigation**. (Emphasis added). Consequentially, if Judge Nash isn't bound by a decision of the Circuit Court for Prince George's County because Mr. George was not a party, this Court should not be bound by Judge Nash's decision, because Ms. Pyles is not a party to his decision.