

1101 15th STREET, N.W. SUITE 203
WASHINGTON, D.C. 20005

TELEPHONE (202) 628-1101
FACSIMILE (202) 628-1149

August 17, 2016

The Honorable Paula Xinis
United States District Court
Southern District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

> Re: Bank of America, N.A. v. Jericho Baptist Church Ministries, Inc., et al.
> Case No.: 8:15-CV02953

On August 4, 2016, this Honorable Court inquired as to the extent to which the doctrine of collateral estoppel requires it to follow the ruling of the D.C. Superior Court in *George v. Jackson*, Docket No. 2013, 007115, dated July 7, 2015, which stated as follows:[1]

> ORDERED that Judgment is ENTERED in favor of the plaintiffs and against defendants, to wit: the Court hereby DECLARES that Resolution 1-09 of the Jericho DC Board of Trustees, which purported to change the membership of the Board of Trustees, is invalid; and the Court hereby DECLARES that the current Board of Trustees for Jericho DC shall consist of the surviving members of the Board of Trustees that existed prior to the invalidated Resolution 1-09, those members being: William A. Meadows; Dorothy L. Williams, and Joel R. Peebles; and the Court hereby DECLARES that actions taken by defendants after March 15, 2009, acting as the purported Board of Trustees of Jericho DC, under the color of resolution 1-09, including the purported approval of the merger of Jericho DC into Jericho MD, are invalid the Court hereby ORDERS that Defendants refrain from exercising ownership or control over any corporate assets of Jericho Maryland formerly belonging to, or derived from, the corporate assets of Jericho DC....

(*See* Judge Nash Order, dated July 7, 2015, at 12-13.)

Judge Nash decided that Jericho DC board members rightfully governed its church, and also that a December 2010 merger of the two Jericho corporate entities was invalid. In addition, he ordered Defendants Jericho MD and its board members to refrain from exercising ownership or control over any assets, such as the assets at issue in this case, which were illegally derived from Jericho DC. That order remains in effect, and Jericho MD's insistence that it is entitled to funds at issue presently in Jericho DC's name and tax identification number constitute violations Judge Nash's July 7, 2015 order. Pursuant to Judge Nash's Order—which has not been stayed—Jericho MD is precluded from asserting any rights to BOA's interpleaded funds. ("All or nothing.")

---

[1] For purpose of the underlying Motion for Summary Judgment and this writing, the record date of the purported merger is December 14, 2010, not 2014.

1

For purpose of the pending summary judgment motion, this Court should find that collateral estoppel prevents the re-litigation of the very issues previously decided by Judge Nash. When the doctrine of collateral estoppel is applied, "factual issues resolved in the adjudication of one claim are binding for purposes of subsequent adjudication of another claim." 8 John A. Lynch, Jr. & Richard W. Bourne, Modern Maryland Civil Procedure 1242–43 (2d ed. 2004, 2014 Supp.). "The determination of ultimate fact underlying the judgment in a previous proceeding is the gravamen of the doctrine." Standard *Fire Ins. Co. v. Berrett*, 395 Md. 439, 457, 910 A.2d 1072, 1083 (2006). The purpose of the doctrine, like *res judicata*, is "to avoid the expense and vexation of multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Rourke v. Amchem Products, Inc.*, 384 Md. 329, 359, 863 A.2d 926, 944 (2004), *quoting Murray Int'l Freight Corp. v. Graham*, 315 Md. 543, 547, 555 A.2d 502, 504 (1989). In its traditional form, collateral estoppel may be invoked when "in a second suit between the same parties, even if the cause of action is different, any determination of fact that was actually litigated and was essential to a valid and final judgment is conclusive." *Id.* at 340–41, 863 A.2d at 933 (emphasis in original).

The Fourth Circuit has held that for collateral estoppel, or issue preclusion to apply, the party asserting the doctrine must establish the following five elements: "(1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding." *Microsoft Corporation Antitrust Litigation*, 355 F.3d 322, 326 (4th Cir. 2004) (emphasis added). *Accord Ramsey v. US Immigration & Naturalization Service*, 14 F.3d 206, 210 (4th Cir. 1994). Based on the present record, there can be no dispute that the prior judgment against Jericho MD and its individual board members addressed fundamentally the same issues that are raised here: governance, the validity of the merger, and Jericho MD's right to assert control over Jericho DC's assets. These issues were critical and necessary to the judgment in the prior case and resulted in a final judgment on the merits. In that connection, Jericho MD was a party defendant in the prior action and was also in privity with its individual board member defendants in that action. Lastly, Jericho MD and/or its individual party defendants enjoyed a full and fair opportunity to litigate the aforementioned issues in the prior case. Indeed, they had the opportunity to engage in discovery and participated in a full trial on the merits. Furthermore, they were represented by the same counsel that is representing them in this case.

The narrow question posed most immediately by this Court is the extent to which collateral estoppel bars a similar action when the prior judgment was appealed and the appeal is pending. Under federal law, it is well settled that a judgment maintains all of its preclusive effect pending appeal. *See Erebia v. Chrysler Plastic Prod. Corp.*, 891 F.2d 1212, 1214 (6th Cir. 1989) (cited by *Guinness PLC v. Ward*, 955 F.2d 875, 898 (4th Cir. 1992)); 18A Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice & Procedure § 4433 (2d ed. 2002 & Supp. 2004).

In the recent case of *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 2015 U.S. Dist. LEXIS 118817 (D. Md., June 11, 2015), this Court addressed this very question, explaining:

> Few Fourth Circuit cases offer guidance on what constitutes a final judgment for purposes of collateral estoppel. Notably, in the numerous cases reviewed, the Fourth Circuit does not equate collateral estoppel finality with Rule 54(b) finality or appealability, and it distinguishes between the requirements for collateral estoppel and those for *res judicata*. *See Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002) ("[W]hile issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment." (citing *Restatement (Second) of Judgments* §§ 17, 27 (1980))); *see also Cannon v. Wells Fargo Bank, N.A.*, No. PWG-13-1324, 2014 U.S. Dist. LEXIS 20943, 2014 WL 672687, at *13 (D. Md. Feb. 20, 2014) (noting that "'[u]nlike claim preclusion, the effectiveness of issue preclusion, sometimes called collateral estoppel, does not require the entry of a judgment, final in the sense of being appealable.'" (quoting *First Jersey Nat'l Bank v. Brown (In re Brown)*, 951 F.2d 564, 569 (3d Cir. 1991))).

Fourth Circuit jurisprudence is clear on the question posed by this Court. Not even a final judgment is required. In this instance, Judge Nash's issued a final judgment with preclusive effect and its finality need not be equated with a final appealed decision. Jericho MD also suggests that there is an unresolved privity issue which precludes an unfavorable finding against it. This is not so. It's newest board member, a party defendant, is clearly in privity with the Jericho MD corporate entity.[2]

Jericho MD also asserts that collateral estoppel is not applicable because Judge Nash did not address the statute of limitations issue pertinent to certain common law claims. Of note, no such claims are at issue here and to the extent that an affirmative statute of limitations defense is being argued, this court should find that Defendants have waived it. Defendants asserted no counter-claim here, nor did they raise a single affirmative defense in their Answer, including a statute of limitations defense. In neglecting to assert any affirmative defense, Jericho MD and its board members have failed to satisfy the pleading requirements set forth by the Supreme Court of the United States in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). They should not be permitted to raise an unpleaded affirmative defense for the first time in opposition to a motion for summary judgment.

For reasons stated herein, this court should rule that collateral estoppel applies and further, that Jericho MD is precluded from challenging Jericho DC's assertion of control over its funds.

Respectfully,

<u>Donald M. Temple</u>
Donald M. Temple, Esq.

---

[2] In any event, Jericho MD has failed to explain how a single member of its board could, individually, be entitled to control of funds held in corporate accounts.