IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

\*

BANK OF AMERICA, N.A.,                          \*

    Plaintiff,                          \*     Case No. PX 15-02953

    v.                          \*

                          \*

JERICHO BAPTIST CHURCH MINISTRIES,
INC. et al.,                          \*

    Defendants.                          \*

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending in this interpleader action is a Petition to Establish Attorneys' Fees and Expenses filed by Plaintiff Bank of America, N.A. ECF No. 89. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the following reasons, Bank of America's petition is granted in part.

**I.     BACKGROUND**

Underlying this action is a longstanding dispute over the control and governance of Jericho Baptist Church Ministries, Inc. ("the Church"), located in Landover, Prince George's County, Maryland. The dispute spawned much litigation during which the parties and the courts refer to the surviving members of the original board as "Jericho DC" to distinguish it from a later-formed Board that incorporated in Maryland, also under the name "Jericho Baptist Church Ministries, Inc." ("Jericho MD").

The Church holds four corporate accounts at Bank of America, N.A. ("BOA") that it opened between 1999 and 2002. On September 29, 2015, BOA filed the instant Interpleader action against Jericho MD, Jericho DC, and their respective board members. ECF No. 1. The

Complaint, brought pursuant to 28 U.S.C. § 1335, sought an order determining which entity—

Jericho DC or Jericho MD—owns and controls the assets held in four BOA corporate deposit

accounts. Related to this action, the Court granted summary judgment in favor of Jericho DC,

declaring "that Jericho DC is entitled to the funds currently held in the Court registry." ECF No.

85.

Additionally, Jericho DC filed counterclaim against BOA (ECF Nos. 19 and 48) alleging

that BOA breached the terms of its customer agreement with Jericho DC and was negligent in

releasing a substantial portion of the funds at the direction of Jericho MD. BOA moved to

dismiss the counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF No.

56, which the Court recently granted in part and denied in part. *See* ECF Nos. 108 & 109.

On September 15, 2016, BOA filed the present petition seeking to recover $63,216.25 in

attorneys' fees and $1,046.96 in expenses from the interpleaded funds it incurred in prosecuting

the interpleader action. ECF No. 89. Jericho DC opposed BOA's petition, arguing that BOA is

not entitled to recovery because it is not an "impartial stakeholder," a requirement of any

interpleader plaintiff seeking to recover fees and costs associated with bringing the action. *See*

ECF No. 101. In the alternative, Jericho DC asks the court to reduce the BOA's requested award

to reflect a more reasonable amount associated with the interpleader action. *Id.*

## II.     STANDARD OF REVIEW

Although the interpleader statute and Rule 22 of the Federal Rules of Civil

Procedure make no mention of awarding costs and attorneys' fees, courts frequently grant such

motions to encourage interpleader actions and thus avoid the cost of multiple lawsuits. *See,*

*e.g.*, *Powell Valley Bankshares Inc. v. Wynn*, No. 01-79, 2002 WL 728348, at *1 (W.D. Va. Apr.

11, 2002). The Court retains broad discretion to award the stakeholder its costs, including

reasonable attorneys' fees, out of the deposited fund. *See Stonebridge Life Ins. Co. v. Kissinger*, 89 F. Supp. 3d 622, 627 (D.N.J. 2015) ("Because the stakeholder is considered to be helping multiple parties to an efficient resolution of the dispute in a single court, courts find that the stakeholder attorney's fees are justified."). "Typically [costs and attorneys' fees] are available only when the party initiating the interpleader is acting as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1719 (3d ed. 2001). *See also Rapid Settlements, Ltd. v. U.S. Fid. & Guar. Co.*, 672 F. Supp. 2d 714, 722 (D. Md. 2009); *ReliaStar Life Ins. Co. of N.Y. v. LeMone*, No. 7:05CV00545, 2006 WL 733968, at *2–3 (W.D. Va. Mar. 16, 2006) (discussing when stakeholder may recover attorney's fees); *Safemasters Co. v. D'Annunzio & Circosta*, No. K-93-3883, 1994 WL 512140, at *5 (D. Md. July 18, 1994); *Aetna Life Ins. Co. v. Outlaw*, 411 F. Supp. 824, 825–26 (D. Md. 1976) (noting that only impartial stakeholders may recover attorney's fees).

When an award of costs and attorneys' fees to a stakeholder in a successful interpleader action is equitable, it should also be modest. "By its very nature [an interpleader fee] is of a relatively small amount simply to compensate for initiating the proceedings." *Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (5th Cir. 1962); *Sun Life Assurance Co. v. Tinsley*, No. 6:06-CV-00010, 2007 WL 1388196, at *2 (W.D. Va. May 9, 2007), *report and recommendation adopted sub nom. Sun Life Assur. Co. Canada v. Tinsley*, No. 6:06-CV-00010, 2007 WL 1795728 (W.D. Va. June 19, 2007). Only a limited recovery is available to stakeholders because the interpleader process "does not usually involve any great amount of skill, labor or responsibility." *Lewis v. Atlantic Research Corp.*, No. 98-0070-H, 1999 WL 701383, at *7 (W.D. Va. Aug. 30, 1999) (quoting *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940)). Thus, the stakeholder's

recovery is properly limited to the preparation of the petition for interpleader, the deposit of the

contested funds with the court, and the preparation of the order discharging the stakeholder. *See,*

*e.g.*, *ReliaStar Life Ins. Co. of N.Y. v. LeMone*, No. 7:05CV00545, 2006 WL 1133566, at \*2

(W.D. Va. Apr. 25, 2006); 7 Charles Alan Wright et al., Federal Practice and Procedure § 1719

(3d ed. 2001). *See also Dusseldorp v. Ho*, 4 F. Supp. 3d 1069, 1071 (S.D. Iowa 2014)

("Recoverable expenses are properly limited to the attorney fees billed to prepare the complaint,

obtain service of process on the claimants to the fund, and secure the plaintiff's discharge from

liability and dismissal from the lawsuit.").

The Supreme Court has established the "lodestar" method for determining a reasonable

fee. The starting point in the lodestar calculation is "the number of hours reasonably expended on

the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434

(1983); *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). Twelve

factors, first articulated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488

F.2d 714 (5th Cir. 1974), guide the determination of what constitutes a reasonable fee. The

factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3)
> the skill requisite to perform the legal service properly; (4) the preclusion of
> employment by the attorney due to acceptance of the case; (5) the customary fee;
> (6) whether the fee is fixed or contingent; (7) time limitations imposed by the
> client or the circumstances; (8) the amount involved and the results obtained; (9)
> the experience, reputation, and ability of the attorneys; (10) the "undesirability" of
> the case; (11) the nature and length of the professional relationship with the client;
> and (12) awards in similar cases.

*Id.* at 717–19. *Robinson*, 560 F.3d at 243–44; *Hensley*, 461 U.S. at 434. Based on the foregoing,

BOA is indeed entitled to attorneys' fees and costs for filing and resolving the interpleader action

only.

## III.   ANALYSIS

In its opposition, Jericho DC argues that BOA is not permitted to recover any attorneys' fees and costs associated with bringing this interpleader action because it is not an "impartial stakeholder." Jericho DC more particularly contends that BOA chose to recognize Jericho MD as the Church's governing body instead of remaining neutral during the Church governance dispute. BOA then allowed Jericho MD and its board members exclusive access to the assets in the Church's four BOA accounts, assets which properly belonged to Jericho DC. *See* ECF No. 101 at 4.

The Court disagrees with regard to bringing the interpleader action itself.  BOA is an impartial stakeholder insofar as it has "has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability." *Rapid Settlements, Ltd.*, 672 F. Supp. 2d at 722. BOA moved to deposit the funds into the Court's registry on February 9, 2016, but was not in a position to request a discharge from the action at that time because of Jericho DC's counterclaims against it. *See* ECF No. 44.

BOA's involvement in the counterclaims, however, is a separate matter.  As discussed below, BOA will not be compensated for work associated with the counterclaims. But the Court is able to distinguish the two, and BOA still remains a disinterested stakeholder *vis* the initial interpleader action. Interpleader was proper because the control of the BOA bank funds turned on which entity—Jericho DC or Jericho MD—controlled the Church. And because BOA was seeking final resolution from the court without inserting itself in the dispute, BOA was a proper interpleader stakeholder.

But as a disinterested stakeholder, BOA can only seek recovery for the fees and costs associated with the interpleader itself. *See* 7 Charles Alan Wright et al., Federal Practice and

Procedure § 1719 (3d ed. 2001) ("A better approach might be to award costs and fees to the stakeholder only for the effort undertaken to secure the interpleader but to deny an allowance for costs and fees incurred in pursuit of the stakeholder's own interests."). In that regard, BOA's request of $63,216.25 in attorneys' fees and $1,046.94 in expenses goes far beyond that which it is entitled. *See* Affidavit of E. John Steren, ECF No. 89-2.

Undergirding the attorneys' fees request, BOA seeks compensation of 201.3 hours in attorney and paralegal time, but the lion's share of this time is spent on matters outside the interpleader action itself, such as review of unrelated pleadings, preparing and filing its motion to dismiss Jericho DC's counterclaims, and associated legal research. *See Hearing v. Minnesota Life Ins. Co.*, 33 F. Supp. 3d 1035, 1044 (N.D. Iowa 2014) (prohibiting disinterested stakeholder from recovering attorneys' fees "for attorney-client communications or unspecified legal research"). A number of hours were also spent on discovery and discovery-related matters on the issue of church control, which is outside the circumscribed purpose of filing the interpleader action and achieving its ultimate goal of depositing the funds at issue in the Court registry. *See Midland Nat. Life Ins. Co.v. Ingersoll*, No. 13-C-1081, 2014 WL 7240268, at *4 (E.D. Wis. Dec. 18, 2014) (interpleader plaintiff not entitled to fees incurred in discovery-related tasks); *Hearing*, 33 F. Supp. 3d at 1044. Put differently, motions practice and discovery, by definition, goes beyond the purpose of interpleader, which is to request that Court preserve the funds while deciding to which entity the funds will ultimately be awarded.

In reviewing BOA's submission, the Court has identified a total of 59.3 hours that relate to (a) preparing the interpleader action, (b) obtaining service of process on the claimants to the fund or (c) attempting to secure BOA's discharge from liability and dismissal from the interpleader action. These hours, multiplied by BOA's average blended rate of $314.04, results

in a total attorney fee award of $18,622.57. The Court further finds that BOA is entitled to recover its claimed expenses of $1,046.94 (Jericho DC does not argue otherwise). BOA is therefore entitled to reimbursement for attorneys' fees and expenses in the amount of $19,699.51.

Finally, Jericho DC requests that the Court deny BOA's continued request to reserve $250,000 from the funds in the Court's registry for anticipated legal fees. ECF No. 101 at 7–8. The initial purpose of reserving the funds was to ensure that any attorneys' fees and costs claimed would be properly covered.  That purpose has been achieved, and so the Court will release the remainder of the funds to Jericho DC.

## IV.    CONCLUSION

For the reasons stated above, the Court orders the award of $19,699.51 from the interpleader funds be disbursed to BOA, with the remainder released to Jericho DC. A separate order will follow.

1/23/2017
Date

/S/
Paula Xinis
United States District Judge