IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BANK OF AMERICA, N.A.,                      *

    Plaintiff,                             *

                                           *

    v.                                         Civil Action No. PX 15-02953

                                           *

JERICHO BAPTIST CHURCH MINISTRIES          *
INC. *et al.*,

    Defendants.                            *

******

**MEMORANDUM OPINION**

Pending before the Court is Jericho Baptist Church Ministries, Inc.'s ("Jericho DC")

motion to reconsider this Court's order granting Bank of America, N.A.'s ("Bank of America")

motion to compel. ECF No. 158. Also pending is Bank of America's motion for reasonable

attorneys' fees and costs. ECF No. 161. The issues have been fully briefed and no hearing is

necessary. *See* D. Md. Loc. R. 105.6. Upon consideration of the parties' briefing and the

evidence in the record, the Court DENIES Jericho DC's motion to reconsider and GRANTS

Bank of America's motion for attorneys' fees.

**I.      Background**

This case concerns a longstanding dispute over the control and governance of Jericho

Baptist Church Ministries, Inc., located in Landover, Prince George's County, Maryland. The

case began when Bank of America filed an interpleader action seeking judgment as to which of

two competing church factions, Jericho DC or Jericho MD, lawfully retained control of four

deposit accounts with collective assets of approximately $7,755,199. ECF No. 1 ¶¶1, 3. On

September 9, 2016, the Court granted summary judgment in Jericho DC's favor. ECF No. 86.

1

Jericho DC had also filed counterclaims for breach of contract, negligence, and gross negligence which are currently pending before the Court. ECF No. 48.

Discovery on the counterclaims has been protracted and, in the Court's view, unnecessarily complicated. On February 6, 2018, Bank of America moved to compel deficient discovery responses, contending that certain interrogatory responses related to Jericho DC's breach of contract claim and requested damages were insufficient, Jericho DC's interrogatory objections were unfounded, and that Jericho DC's expert disclosures did not comport with the requirements of Federal Rule of Civil Procedure 26. ECF No. 150. After a recorded discovery conference, the Court granted the motion to compel, and ordered Jericho DC to produce the remaining outstanding discovery by March 2, 2018. ECF No. 153. In light of the prolonged discovery disputes generated largely by Jericho DC's deficiencies, the Court also permitted Bank of America to file a motion for attorneys' fees associated with prosecuting the motion to compel. ECF No. 153.

Jericho DC now urges the Court to reconsider the Court's order compelling production of discovery, arguing that it dutifully responded to Bank of America and that the discovery issues were substantially resolved in advance of the Court's ruling. ECF No. 158. Bank of America opposes the motion, and separately moves for attorneys' fees and costs in the amount of $13,577.50. ECF No. 161. Each motion is addressed in turn.

## II.    Standard of Review

Jericho DC moves for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), which allows a court to relieve a party "from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." However, as Bank of America points out, this rule only applies to *final* orders. *See Beyond Sys., Inc. v. Kraft Foods, Inc*., No. PJM-08-

409, 2010 WL 3059344, at *1 (D. Md. Aug. 4, 2010) ("Federal Rule of Civil Procedure 60(b)

does not apply to interlocutory orders."); *In re Pawlak*, 520 B.R. 177, 182 (D. Md. 2014) (noting

that an order compelling a party to respond to discovery requests is "interlocutory in nature");

*Berrios v. Shin*, 700 F. App'x 222, 223 (4th Cir. 2017) (holding that an order granting attorneys'

fees is not a final order unless it resolves all claims as to all parties). "Instead, reconsideration of

an interlocutory order is within the plenary powers of the Court and can be made 'as justice

requires.'" *Beyond Sys.,* 2010 WL 3059344, at *1 (quoting 7 James Wm. Moore *et al.*, Moore's

Federal Practice ¶ 60.20 (2d ed.1966)). In this posture, the Court may reconsider an

interlocutory order only to address: "(1) a change in controlling law; (2) the availability of new

evidence; or (3) the need to correct a clear error or prevent manifest injustice." *Id.* at 2 (citing

*Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001)). The Court may not be asked simply

"to rethink what the Court had already thought through—rightly or wrongly." *Potter*, 199

F.R.D. at 552 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101

(E.D. Va. 1983)).

III. **Analysis**

A. **Reconsideration of the Motion to Compel**

Jericho DC contends that the Court should reconsider its Order because the discovery

issues were resolved prior to the hearing on the matter. Jericho DC more particularly contends

that Jericho DC misunderstood when to respond to Bank of America's motion to compel, and

consequently did not reply in writing prior to the February 23 discovery conference. Jericho DC

attaches as an exhibit a letter sent to Bank of America on February 23, 2018, ("the Discovery

Letter") replying to Bank of America's February 6, 2018, motion to compel. ECF 158-1. Were

the Court in receipt of the Discovery Letter at the time of the telephone conference, however, the

motion to compel would nonetheless have been granted, for the Letter does not resolve the discovery deficiencies detailed in the motion. Moreover, these issues were not new to Jericho DC and Jericho DC was afforded an on-the-record opportunity to address the deficiencies at the February 23rd hearing. Bank of America first brought this discovery dispute to the Court's attention in November of 2017. ECF No. 140. The Court then conducted a recorded discovery conference on November 30, 2017, (ECF No. 143) to address these issues and at that time ordered the parties to resolve their discovery dispute and submit a joint status report by December 22, 2017. ECF No. 144. Jericho DC failed to comply with the Court's directive, and so Bank of America raised again the deficiencies that became the subject of the February 23, 2018, conference. This argument, therefore, is unavailing.

Jericho DC next contends that the expert report of Susan Riley was not deficient, and so the Court should reconsider its order requiring supplemental or amended expert reports. The central discovery dispute regarding Riley, however, was Jericho DC's failure to provide the basis for Riley's opinion and identify the documents on which Riley relied. *See, e.g.,* ECF Nos. 140-1 at 8, 140-2 at 2, 140-3. In this respect, the Court cannot comprehend Jericho DC's current contention that "[t]he validity and substantive quality of Ms. Riley's report is . . . not a valid discovery issue," ECF No. 158 at 8. It is, indeed, at the heart of the parties' protracted discovery dispute.

Finally, Jericho DC asserts that reconsideration is warranted because its interrogatory responses "were appropriate and responsive." ECF No. 158 at 8. This contention amounts to an invitation for this Court to simply revisit the issue, this time in Jericho DC's favor. Setting aside the impropriety of using a motion to reconsider as a motion to "rethink" a prior ruling, the Court cannot ignore Jericho DC's repeated failure to respond sufficiently to Interrogatory Nos. 5, 6, 8,

4

9 and 15.  The Court will not revisit its prior decisions in that respect.  Accordingly, the motion

for reconsideration will be denied.

### B.  Motion for Attorneys' Fees and Costs

Pursuant to the Court's February 26, 2018, order, Bank of America moves for attorneys'

fees.  ECF No. 161.  Under Federal Rule of Civil Procedure 37(a)(5), if a court grants a party's

motion to compel discovery, "it generally must require the party whose conduct necessitated the

motion to pay the reasonable costs incurred by the moving party, including attorney's fees."

*Windsor v. Spinner Indus. Co*., No. JKB-10-114, 2011 WL 4738473, at \*2 (D. Md. Oct. 6, 2011).

The court must not order payment if, among other reasons, "the opposing party's nondisclosure .

. . was substantially justified" or "other circumstances make an award of expenses unjust."  Fed.

R. Civ. P. 37(a)(5).

In its opposition, Jericho DC does not take issue with Bank of America's timekeeping or

argue that the fees requested are not reasonable.  ECF No. 170.  Jericho DC instead raises new

arguments, alleging that "Bank of America was partly the blame [sic] for the nature of Jericho

DC's response."  *Id.* at 4.  To award attorneys' fees in the current circumstances, Jericho DC

argues, "would be unjust."  *Id.*  The Court will not entertain further rehashing of the discovery

issues and concludes that for the reasons discussed above, an award of attorneys' fees is

warranted.

The Court will use the lodestar method for determining a reasonable fee, or the number of

hours reasonably expended on the issue at hand multipled by a reasonable hourly rate.  Because

the Court finds Bank of America's hours expended on litigating the discovery deficiencies to be reasonable (and Jericho DC does not argue otherwise), the Court grants the motion.[1]

Bank of America underscores that it has billed only for the time spent preparing discovery deficiency letters and motions to compel. ECF No. 161 at 2 n.1. Bank of America also attaches an itemized time entry narrative. ECF No. 161-1. However, Bank of America does not include information regarding the length of practice for the attorneys whose time is detailed in the narrative. Based on McGuireWoods' website, which provides the length of practice for the attorneys who worked on this issue, *see Metro. Life Ins. Co. v. Jones*, No. CBD-13-1956, 2015 WL 9480450, at *2 (D. Md. Dec. 29, 2015) (consulting a law firm website to determine length of practice when calculating attorneys' fees), the Court finds that the attorneys' billable hourly rates exceed the Court's presumptively reasonable fee ranges as set forth in L.R. 109.2, Appendix B. The Court, therefore, reduces the attorneys' fees award commensurate with the upper limit of the applicable Appendix B guidelines. Bank of America is entitled to reasonable attorneys' fees totaling $11,587.60.

---

[1] In assessing the reasonableness of the proposed fee, the Court has considered the factors articulated by the United States Court of Appeals as applicable. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). They are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

**III. Conclusion**

For the foregoing reasons, Jericho DC's motion to reconsider is DENIED and Bank of America's motion for attorneys' fees is GRANTED in the amount of $11,587.60.

11/6/2018 _____                                                     /S/
Date                                                        Paula Xinis
                                                            United States District Judge